**Ruben TERTERYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73446.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2006.*

Decided Feb. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM **

Ruben Terteryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA's") final order of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).[2]

In 2001, Terteryan attempted to enter the United States on an invalid visa. After being taken into custody, Terteryan admitted that he was subject to removal but requested asylum, withholding of removal, and protection under the Conven-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. We review the BIA's factual findings for substantial evidence. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). Under this standard, we uphold the BIA and deny the petition unless "Petitioner presented evidence so compelling that no reasonable factfinder could find that Petitioner has not established eligibility for asylum." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (internal quotations and citation omitted).

tion Against Torture ("CAT"). Before the Immigration Judge ("IJ"), Terteryan testified that he was exempt from military service in Armenia because he was caring for elder parents. The military's Draft Committee summoned him and requested that he pay a bribe to avoid service. Terteryan refused to pay and told the military officers that he had a videotape showing mistreatment of soldiers by military officials. The officers began beating Terteryan. During the beating, he told the officers that he would go public with the tape. After being held for four days, Terteryan offered to give the officers the videotape. He was driven home but gave them a blank tape. Thus he contended that if returned to Armenia, he would be in danger of further harm from the military.

Terteryan argues that his treatment by the military officers demonstrates that he was persecuted in Armenia, and has a well-founded fear of future persecution, on account of his political opinion. To prevail, Terteryan must show: (1) that he held, or his persecutors believed that he held, a political opinion; and (2) that his persecutors persecuted him, or will persecute him, because of this opinion. *See Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000).

■ We reject Terteryan's petition for review of the BIA's denial of asylum because the record does not compel us to conclude that Terteryan had a political opinion at the time he was beaten by military officers, or that the officers imputed such an opinion to him. There is no evidence in the record that Terteryan held a political opinion about the military before he was called to serve, or that he intended to publicize the contents of the videotape

before the military threatened him with conscription. The record also lacks any evidence that officers involved with the conscription effort associated Terteryan with a group opposed to the treatment of soldiers in the military or otherwise imputed a political opinion to him. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997). The evidence that is in the record supports a finding that Terteryan did not make the videotape in an effort to advance a political agenda; in his testimony, Terteryan stated that he had "no specific purpose" for making the tape and that he was "just shooting the film." Even if Terteryan held a political opinion, his testimony does not compel us to conclude that he was beaten on account of this opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Although the IJ might have so concluded, the IJ also might have concluded that Terteryan was beaten because he refused to pay a bribe to avoid armed service, or because the officers wanted to obtain the videotape that Terteryan had identified.

■ The record also does not require that we conclude that Terteryan's fear of future persecution is objectively reasonable. *See Sael v. Ashcroft,* 386 F.3d 922, 924–925 (9th Cir.2004). Neither Terteryan's concern that the military will conscript him upon his return to Armenia, nor his fear of possible punishment for his prior unwillingness to perform military service is an objectively reasonable ground for establishing eligibility for asylum. *See Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir.1991); *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992).[3]

---

**3.** Terteryan also appeals the BIA's denial of his petition for withholding of removal and asserts a CAT claim. Because the record does not compel a conclusion that Terteryan is eligible for asylum, he has necessarily failed

to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Terteryan did not exhaust the administrative remedies available to him for his CAT claim,

Terteryan's petition for review is **DE-NIED**.

and so we lack jurisdiction to consider the CAT claim. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam).

